# UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| **NICOLE NELSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 1:15-cv-00172-JTM-SLC |
| | ) | |
| v. | ) | |
| | ) | |
| **BAYER HEALTHCARE** | ) | |
| **PHARMACEUTICALS, INC.,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court in this product liability case is a Joint Motion to Stay All Proceedings (DE 10) filed on August 24, 2015, by Plaintiff Nicole Nelson and Defendant Bayer Healthcare Pharmaceuticals pursuant to Federal Rule of Civil Procedure 6(b).  In the motion, Nelson and Bayer request that the Court stay all proceedings in this case pending transfer of this action, pursuant to 28 U.S.C. § 1407, to a multidistrict litigation, *In re: Mirena IUD Products Liability Litigation*, MDL No. 2434, in the United States District Court for the Southern District of New York ("MDL-2434").  (DE 10).  Defendants Bayer Oy and Bayer Pharma AG have not yet appeared in this action.

As background, Nelson filed this product liability action against Defendants on July 3, 2015.  (DE 1).  The case concerns the alleged risks of uterine perforation and migration associated with the Mirena® intra-uterine contraceptive and the adequacy of the U.S. Food and Drug Administration approved product warnings.  Also pending against Defendants are cases in other jurisdictions purportedly involving similar factual allegations, common questions of law and fact, and overlapping claims for relief.  (DE 11 at 1-2).  Bayer submitted this action to the

Judicial Panel on Multidistrict Litigation as a "tag-along" for transfer to MDL-2434, and the parties expect that transfer of this case will be completed promptly.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In the context of multidistrict litigation, when a party submits a motion to the MDL Panel for transfer and consolidation, a court may exercise its discretion to stay discovery, postpone ruling on pending motions or generally suspend further rulings." *Azar v. Merck & Co., Inc.*, No. 3:06-cv-0579 AS, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *Manual for Complex Litig.* § 20.131 (4th ed. 2004)). "When considering a motion to stay in this context, courts consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id*. (citing *Rivers*, 980 F. Supp at 1360). "The interest of judicial economy is often best served by staying preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel." *Id*. (citing *Rivers*, 980 F. Supp. at 1362).

Here, Nelson and Bayer jointly request the stay, and thus, there is no suggestion that a stay would prejudice either party. A stay will conserve judicial resources by avoiding duplicative litigation of common issues, and it also may prevent inconsistent rulings on the common issues. A decision on whether this case will be transferred to the MDL is expected shortly, and thus, the stay will not excessively delay this matter. Accordingly, the Court finds

that granting the requested stay will facilitate a just and expeditious resolution of this action. *See, e.g.*, *Estate of Ronald Hoholek v. Abbvie, Inc.*, No. 2:14-CV-405, 2014 WL 7205586, at *3 (N.D. Ind. Dec. 17, 2014) (granting a motion to stay pending transfer to an MDL); *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050-51 (N.D. Ind. 2008) (same); *Anderson v. Eli Lilly & Co.*, No. 4:08-CV-00014-AS-PRC, 2008 WL 1776470, at *1-2 (N.D. Ind. Apr. 16, 2008) (same); *Azar*, 2006 WL 3086943, at *1-2 (same).

The Joint Motion to Stay All Proceedings (DE 10) is GRANTED, and the proceedings in this action are STAYED until the MDL determination is entered. The Court ORDERS the parties to provide the Court with timely notice of any decision by the MDL Panel regarding the transfer of the instant matter.

SO ORDERED.

Entered this 31st day of August 2015.

S/ Susan Collins
Susan Collins
United States Magistrate Judge